◼ Clara A. Popplewell, Appellant, v. Ernest E. Clark, Respondent. — Judgment and order unanimously reversed on the law and facts and in the interest of justice, with costs, and a new trial granted. Memorandum: During the course of the trial the defendant's attorney called Mr. Levy, plaintiff's attorney, to the stand and cross-examined him about the name of a person whom the defendant's attorney claimed was a witness to this accident. The plaintiff's attorney said that he did not know the name of such a witness, but he had heard that there was one. The defendant's attorney then, without foundation, assumed that there was such a witness and made it appear to the jury that the plaintiff's attorney was deliberately withholding the name of the witness. A Mr. Short, an insurance adjuster, was brought into the examination and Mr. Levy was asked if he or his client would authorize Short to furnish the name of any witness to this accident that he might know of. The record does not establish that there was such a witness, or, if there was, that the plaintiff's attorney knew his name. The examination itself and the manner in which it was conducted was highly improper and unfairly suggestive of evasive conduct by Mr. Levy. There was an effort to impugn the attitude of Mr. Levy as one of improper concealment under oath. We find that the calling of the witness, the examination itself, and the implications created thereby were so highly prejudicial as to require reversal and a new trial. (Appeal from judgment of Ontario Trial Term dismissing the complaint in an automobile negligence action; also appeal from order denying a motion for a new trial.) Present — Williams, P. J., Goldman, Henry, Noonan and Del Vecchio, JJ.

◼ The People of the State of New York, Respondent, v. Daniel Musialowski, Appellant. The People of the State of New York, Respondent, v. Donald A. Gale, Appellant.— Motions to enlarge time to argue appeals denied, without prejudice to renew on appropriate papers. The papers do not comply with rule II of the rules of this court requiring an affidavit in regard to a certificate of reasonable doubt.

◼ Anna Poletti, Appellant, v. Sylvia Salvagno, Respondent.— Motion of appellant to appeal on a typewritten record denied without prejudice to the right to renew upon a showing that the appellant has obtained a copy of the record at her own expense or otherwise. (See *Jenks* v. *Murphy*, 21 A D 2d 346.)

◼ Irish Welding Supply Corp., Plaintiff, v. George Roetzer et al., Defendants. (And Another Action.) — Motion to dismiss appeal denied because of the inadequacy of the papers without prejudice to the right to renew upon sufficient papers which will clearly show the factual situation.

◼ The People of the State of New York ex rel. James Hugh Allen, Appellant, v. Robert E. Murphy, as Warden of Auburn Prison, Respondent. — Motion granted and appeal dismissed. (See *People ex rel. Jones* v. *Johnston*, 14 N Y 2d 688.)